

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GERBER PRODUCTS COMPANY

                     PLAINTIFF

V.         NO. 4:19-cv-33 - BRW

MITCHELL, WILLIAMS, SELIG, GATES
& WOODYARD, PLLC and BYRON FREELAND    DEFENDANT

### COMPLAINT

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

Plaintiff, for its complaint, states:

1. Plaintiff is a corporation organized under the laws of the State of Michigan with its principal place of business in Virginia.

2. Defendant Mitchell, Williams, Selig, Gates & Woodyard, PLLC (The Law Firm) is a PLLC located in Little Rock, Arkansas.

3. Defendant Byron Freeland is a partner of the law firm. At all relevant times, defendant Freeland was acting in the course and scope of his employment or agency with the law firm and the law firm is vicariously liable for his actions.

4. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. In 2012, plaintiff retained defendants to represent it in the case of *Vee-Jay Cement Contracting Company, Inc v Ceco Concrete Construction, LLC et al,* Sebastian County case number CV-2012-435.

6. On February 21, 2013, defendants served responses to requests for production of

documents. Defendants made no objections to the requests for production of documents. In the production, defendants included material subject to the attorney-client privilege.

7. On May 15, 2013, defendants served responses on behalf of plaintiff to Ceco's first requests for production of documents. Defendants asserted no objection based upon the attorney-client privilege or work product.

8. Ceco and Alberici, another defendant in the underlying lawsuit, filed a motion to compel against plaintiff, claiming that it did not adequately respond to the requests for production of documents. On July 12, 2013, the circuit court granted the motion to compel.

9. On August 12, 2013, defendants, on behalf of plaintiff, produced approximately 96,000 documents. There were numerous documents produced in that production which were subject to the attorney-client privilege.

10. On July 23, 2015, defendants served a privilege log on the other parties.

11. On October 16, 2015, Ceco filed its second motion to compel which included an exhibit which contained privileged communications.

12. On January 14, 2016, the circuit court granted the second motion to compel.

13. On February 12, 2016, defendant produced additional documents to the other parties. The defendants also served a response to Ceco's second requests for production and supplemental response to Alberici's and Ceco's first requests for documents. The responses contained no objection on the basis of privilege.

14. On February 15, 2016, defendants served a second privilege log on the other parties.

15. On March 2, 2016, counsel for Ceco served a letter on defendants asserting that

plaintiff had waived privilege as to documents listed on the February 15, 2016 privilege log because defendants had not timely asserted its privileges for attorney-client communication and work product in its written discovery responses.

16.     Plaintiff then hired new counsel who filed a motion and brief in support of a motion for protective order seeking return of the privileged documents.

17.     On September 26, 2016, the circuit court denied the motion for protective order.

18.     Plaintiff then pursued an interlocutory appeal to the Arkansas Court of Appeals. The Arkansas Court of Appeals upheld the trial court's rulings on November 1, 2017, holding that plaintiff waived its privilege objections by failing to assert them.

19.     Defendants were negligent, and failed to meet the standard of care required of a lawyer under the circumstances, by failing to assert objections on the basis of the attorney-client privilege and work product doctrine in the responses to the requests for production of documents.

20.     Plaintiff has sustained damages as a proximate result of defendants' negligence. Plaintiff has expended well in excess of $75,000.00 attempting assert the objections based upon attorney-client privilege and work product and to obtain return of the privileged documents which defendants produced.   Additionally, while the underlying litigation has not been concluded, it is probable that production of the privileged documents will adversely effect the outcome of that litigation.

21.     Plaintiff demands a trial by jury.

Wherefore, plaintiff prays judgment against defendants, jointly and severally, for an amount in excess of $75,000.00, for its cost and all other proper relief.

Respectfully submitted,

Timothy O. Dudley, #82055
114 South Pulaski Street
Little Rock, AR 72201
(501) 372-0080
Todudley@swbell.net

BY: /s/ Tim Dudley