IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GERBER PRODUCTS COMPANY**                                    **PLAINTIFF**

v.                                          No. 4:19-cv-33

**MITCHELL WILLIAMS SELIG
GATES &. WOODYARD PLLC,** *et al*                              **DEFENDANTS**

## CERTIFICATION ORDER

This Court certifies to the Supreme Court of Arkansas a question of law that may be determinative of this case and as to which this Court finds that there is no controlling precedent in the decisions of the Supreme Court of Arkansas.

### I. QUESTION OF LAW TO BE ANSWERED

Can plaintiff establish proximate cause in a legal malpractice action and recover corrective fees, which resulted from legal negligence, even without proving that the result of the underlying action would have been more favorable to the plaintiff but for the legal negligence?

### II. FACTS RELEVANT TO THE QUESTION

Pursuant to Rule 6-8(c)(2) of the Rules of the Arkansas Supreme Court of the State of Arkansas, the parties agree upon the following statement of facts relevant to the question.

1.      On April 11, 2012, Vee-Jay Cement Contracting Company, Inc. ("Vee-Jay"), filed a Complaint in the Circuit Court of Sebastian County, Arkansas, against Ceco Concrete Construction, LLC ("Ceco"), Alberici Constructors, Inc. ("Alberici"), and Gerber Products Company, Inc. ("Gerber"), bearing Case No. CV-2012-435 ("Underlying Case").

2.      Gerber retained the law firm of Mitchell, Williams, Selig, Gates & Woodyard, PLLC ("Mitchell Williams") to represent it the Underlying Case. Byron Freeland, a member of Mitchell Williams, represented Gerber in the Underlying Case along with other lawyers in

Mitchell Williams.

3. In January of 2013, Alberici propounded Requests for Production to Gerber.

4. In February of 2013, Mitchell Williams served written responses to Alberici's discovery on behalf of Gerber. The responses did not raise an objection for attorney-client privilege.

5. In February of 2013, counsel for Ceco, David Powell, emailed Mr. Freeland and indicated Mr. Powell believed that some of the documents Gerber had produced may be "privileged items." Mitchell Williams responded by email and confirmed those were privilege documents. Emails were then exchanged between Mitchell Williams and Mr. Powell concerning the return of those documents.

6. In April of 2013, Ceco propounded Interrogatories and Requests for Production to Gerber.

7. In May of 2013, Mitchell Williams served written responses to Ceco's discovery on behalf of Gerber. The responses did not raise an objection for attorney-client privilege.

8. Alberici filed a Motion to Compel Gerber to respond to its Requests for Production, and Ceco joined in that Motion. On July 12, 2013, following a hearing on the Motion to Compel, the Circuit Court entered an order requiring Gerber to respond to the requests for production as written, finding that Gerber had not raised any objections to the discovery requests propounded by Alberici and Ceco.

9. In June of 2015, Ceco propounded a Second Set of Requests for Production of Documents to Gerber.

10. In July of 2015, Mitchell Williams produced a privilege log to Ceco. This was the first privilege log produced by Gerber to Ceco in the Underlying Case.

11.     In October of 2015, Ceco filed a Motion to Compel Gerber to respond to its Second Set of Requests for Production of Documents.

12.     In January of 2016, the Circuit Court entered an order granting Ceco's Motion to Compel.

13.     In February of 2016, Mitchell Williams produced an additional 18,000 pages of documents and a 13-page privilege log, in response to the Circuit Court's Order.

14.     Also in February of 2016, Gerber filed a Motion for Protective Order.

15.     On March 23, 2016, a Motion was filed to substitute new counsel for Gerber and to relieve Byron Freeland, Mitchell Williams, and all Mitchell Williams lawyers as counsel for Gerber. On March 25, 2016, the Circuit Court entered its Order granting that Motion.

16.     Following the March 25, 2016, Order relieving Mr. Freeland and Mitchell Williams as counsel, Gerber was represented by its new counsel, Ledbetter, Cogbill, Arnold & Harrison of Fort Smith ("Ledbetter Cogbill"), who were identified in the Order, as well as White & Case of Los Angeles, California ("White & Case").

17.     In July of 2016, Gerber, through its new counsel, filed a "Motion and Brief in Support of Motion for Protective Order Seeking Return of Inadvertently Produced Privileged Documents and Protection of Unproduced Privileged Documents Identified on Privilege Logs on behalf of Gerber Products Company."

18.     On September 26, 2016, the Circuit Court entered its Order denying that Motion.

19.     Gerber, through its new counsel, took an interlocutory appeal of the Circuit Court's September 26, 2016, Order.

20.     On November 1, 2017, the Arkansas Court of Appeals handed down its Opinion affirming the Circuit Court.  *Gerber Prods. Co. v. CECO Concrete Constr., LLC*, 2017 Ark.

App. 568, 533 S.W.3d 139.

21. Gerber claims that it incurred attorneys' fees and expenses to Ledbetter Cogbill and White & Case in connection with the interlocutory appeal in excess of $600,000.00.

22. On January 15, 2019, Gerber filed an action in the Unites States District Court for the Eastern District of Arkansas against Mitchell Williams and Mr. Freeland, Case No. 4:19-CV-33-JM (the "Federal Case").

23. In the Federal Case, Gerber seeks to recover over $600,000.00[1] in corrective fees that it incurred in attempting to reverse the Circuit Court's finding that the attorney-client privilege and work product objections had been waived in response to discovery in the Underlying Case.

24. On August 31, 2020, the U.S. District Court issued an Order granting Mitchell Williams and Mr. Freeland's Motion for Summary Judgment. *Gerber Prod. Co. v. Mitchell Williams Selig Gates & Woodyard PLLC*, No. 4:19-CV-33, 2020 WL 5107297 (E.D. Ark. Aug. 31, 2020), *rev'd and remanded,* 28 F.4th 870 (8th Cir. 2022).

25. In its Order, the U.S. District Court found that Gerber had not presented any proof that the outcome of the Underlying Case would have been more favorable to Gerber in the absence of Mitchell Williams and Mr. Freeland's alleged negligence and, therefore, that Gerber could not establish proximate cause under Arkansas law.

26. Gerber appealed to the U.S. Court of Appeals for the Eighth Circuit, and on March 11, 2022, the Eighth Circuit delivered its Opinion reversing the District Court's Order and remanding for further proceedings. *Gerber Prods. Co. v. Mitchell Williams Selig Gates & Woodyard, PLLC*, 28 F.4th 870 (8th Cir. 2022).

---

[1] This Court erroneously used the figure of $75,000 as the amount of corrective fees in its order granting summary judgment, which error was carried forward in the opinion of the Eighth Circuit.

4

27.     In the Eighth Circuit's Opinion, it held that "proving a case-within-a case is not a hard-and-fast requirement because an attorney's negligence can result in injuries other than a loss in court," and concluded, "If the injury has nothing to do with an underlying judgment, in other words, the plaintiff can establish proximate cause 'without proving the results of a trial.'"

## IV. REFORMULATION OF THE QUESTION

The United States District Court hereby acknowledges that the Supreme Court of Arkansas, acting as the receiving court, may reformulate the question presented.

## V. COUNSEL OF RECORD AND PARTIES

The attorneys of record in the case pending before this Court are as follows.

ATTORNEY FOR PLAINTIFF:

Timothy O. Dudley
Attorney at Law
114 South Pulaski Street
Little Rock, AR 72201
501-372-0080
Email: todudley@swbell.net

ATTORNEYS FOR DEFENDANTS:

Kenneth P. Castleberry
Murphy, Thompson, Arnold, Skinner & Castleberry
Post Office Box 2595
Batesville, AR 72503-2595
870-793-3821
Email: casey@castleberrylawfirm.com

Robert L. Henry, III
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201
501-372-6175

Robert Kenny McCulloch
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201
501-707-6133
Email: rkmcculloch@barberlawfirm.com.

    The Clerk of the Court is hereby directed to forward this Certification Order to the Supreme Court of Arkansas under her official seal.

    IT IS SO ORDERED this 17th day of May, 2022.

                                      James M. Moody Jr.
                                      United States District Judge